WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Scott,<br><br>                   Plaintiff,<br><br>v.<br><br>Wenden Domestic Water Improvement District,<br><br>                   Defendant. | No. CV13-01667-PHX-DGC<br><br>**ORDER** |

Defendant Wenden Domestic Water Improvement District has filed a motion to dismiss. Doc. 6. The motion is fully briefed. Plaintiff Travis Scott has filed a motion to amend the complaint. Doc. 8. For the reasons set forth below, the Court will deny Defendant's motion to dismiss and Plaintiff's motion to amend.[1]

**I.     Background Facts.**

Plaintiff's complaint asserts claims for nonpayment of wages, nonpayment of overtime, and quantum meruit. Plaintiff seeks three times the amount due as unpaid wages under A.R.S. § 23-355, double the amount due under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01, and, alternatively, the reasonable value for his services.

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis.

### A. Plaintiff's First and Third Claims.

Defendant asserts that Plaintiff failed to file a notice of claim as required by A.R.S. § 12-821.01(A). Doc. 6 at 1-2. Compliance with the notice of claim statute is a mandatory prerequisite to filing a complaint against a public entity or employee in Arizona and failure to comply with the statute bars any claim. *See Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005). Strict compliance with the notice of claim statute is required. *See, e.g., Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490 (Ariz. 2007).

Defendant's motion asserts a pleading defect. Defendant argues that Plaintiff's complaint must be dismissed because it does not allege that he complied with the notice of claim statute. Doc. 6 at 2. But Defendant cites no authority for the proposition that compliance with the notice of claim statute must be pled affirmatively in a complaint, and the Court is aware of none. The Court will not dismiss Plaintiff's complaint for this alleged pleading defect.

### B. Plaintiff's Second Claim.

Plaintiff's second claim, though not artfully pled, clearly asserts an FLSA claim. It alleges that "Plaintiff has not been paid at the statutorily required rate of 1-1/2 times his

1  normal rate of pay for all hours worked in excess of 40 hours in one week." Doc. 1 at 2.
2  The complaint also seeks damages under the FSLA. *Id.* As Plaintiff correctly notes, an
3  FSLA claim is not subject to Arizona's notice of claim statute. Doc. 8 at 2; *see Felder v.*
4  *Casey*, 487 U.S. 131, 139-40 (1988).

**C.** **Plaintiff's Motion to Amend.**

Plaintiff has not provided a copy of the proposed amended complaint, properly highlighted, as required by Local Rule of Civil Procedure 15.1(a). The Court therefore will deny his motion to amend.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 6) is **denied**.
2. Plaintiff's motion to amend complaint (Doc. 8) is **denied**.

Dated this 17th day of October, 2013.

_____
David G. Campbell
United States District Judge